MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

AARON D. WEGNER (CABN 243809)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-6831
    Fax: (415) 436-7234
    E-Mail: aaron.wegner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 4-11-70885-MAG |
|     Plaintiff, ) | |
| v. ) | |
| KENYA BROWN, ) | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
|     Defendant ) | |

The parties stipulate as follows:

1.    On August 4, 2011, defendant Kenya Brown was charged by criminal complaint with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a).

2.    The discovery in this matter contains a search warrant affidavit that contains a significant amount of sensitive information regarding an ongoing Internal Revenue Service investigation into a criminal scheme that involved filing false tax returns by using stolen or "borrowed" identities, and using those identities to file false tax returns.  Because the investigation into these crimes is ongoing, the government is concerned that unfettered disclosure

*Stipulation and ~~Proposed~~ Protective Order*
*Case No. CR-4-11-70885-MAG*

1 of the search warrant affidavit may lead to the defendant providing sensitive information to yet
2 unindicted co-conspirators in an attempt to obstruct the investigation.

3        3.       Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28
4 U.S.C. § 1651, the parties agree that unauthorized disclosure of the search warrant affidavit and
5 information contained therein to nonlitigants is prohibited.  The parties agree that the search
6 warrant affidavit will be provided to the defendant's attorney subject to the following conditions:

7        A.       Such materials provided by the United States may be utilized by the defendant's
8 attorney solely in connection with the defense of this case and for no other purpose and in
9 connection with no other proceeding.

10       B.       The search warrant affidavit and its contents, and any notes or other record of
11 such material or its contents, shall not be disclosed either directly or indirectly to any person or
12 entity other than the defendant's attorney or persons employed to assist in the defense or
13 prosecution of this matter, or such other persons as to whom the Court may expressly authorize
14 disclosure upon proper motion.

15       C.       The search warrant affidavit shall not be copied or reproduced except as necessary
16 to provide copies of the material for use by an authorized person as described above to prepare
17 and assist in the defense or prosecution of this matter, and all such copies and reproductions shall
18 be treated in the same manner as the original matter.

19       D.       Before any such disclosure to the defendant, defendant's counsel shall personally
20 inform the defendant of the provisions of this order and direct her not to disclose any information
21 contained in the government's discovery in violation of this order, and shall inform her that any
22 unauthorized disclosure may be punished as contempt of court.  In addition, the defendant's
23 attorney shall not provide the defendant with a copy of the search warrant affidavit, but may
24 review the content of affidavit with her during meetings.

25       E.       The defendant's attorney shall be responsible for controlling and accounting for
26 all such material, copies, notes, and other records described above, and shall be responsible for
27 assuring full compliance with this order.
28

*Stipulation and ~~Proposed~~ Protective Order*
*Case No. CR-4-11-70885-MAG*                -2-

1 of the search warrant affidavit may lead to the defendant providing sensitive information to yet
2 unindicted co-conspirators in an attempt to obstruct the investigation.

3        3.       Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28
4 U.S.C. § 1651, the parties agree that unauthorized disclosure of the search warrant affidavit and
5 information contained therein to nonlitigants is prohibited.  The parties agree that the search
6 warrant affidavit will be provided to the defendant's attorney subject to the following conditions:

7        A.       Such materials provided by the United States may be utilized by the defendant's
8 attorney solely in connection with the defense of this case and for no other purpose and in
9 connection with no other proceeding.

10       B.       The search warrant affidavit and its contents, and any notes or other record of
11 such material or its contents, shall not be disclosed either directly or indirectly to any person or
12 entity other than the defendant's attorney or persons employed to assist in the defense or
13 prosecution of this matter, or such other persons as to whom the Court may expressly authorize
14 disclosure upon proper motion.

15       C.       The search warrant affidavit shall not be copied or reproduced except as necessary
16 to provide copies of the material for use by an authorized person as described above to prepare
17 and assist in the defense or prosecution of this matter, and all such copies and reproductions shall
18 be treated in the same manner as the original matter.

19       D.       Before any such disclosure to the defendant, defendant's counsel shall personally
20 inform the defendant of the provisions of this order and direct her not to disclose any information
21 contained in the government's discovery in violation of this order, and shall inform her that any
22 unauthorized disclosure may be punished as contempt of court.  In addition, the defendant's
23 attorney shall not provide the defendant with a copy of the search warrant affidavit, but may
24 review the content of affidavit with her during meetings.

25       E.       The defendant's attorney shall be responsible for controlling and accounting for
26 all such material, copies, notes, and other records described above, and shall be responsible for
27 assuring full compliance with this order.
28

*Stipulation and ~~Proposed~~ Protective Order*
*Case No. CR-4-11-70885-MAG*                -2-

1  WHEREFORE, in the best interests of the administration of justice and because of the
2  importance of protecting the law enforcement sensitive information, it is requested that a
3  protective order as described above be entered in this case.

5  DATED: August 23, 2011            Respectfully submitted,

                                    MELINDA HAAG
                                    United States Attorney

                                          /s/
                                    AARON D. WEGNER
                                    Assistant United States Attorney

                                          /s/
                                    JOHN PAUL REICHMUTH
                                    Attorney for Ayani Davis

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 4-11-70885-MAG |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| KENYA BROWN, | ) | |
| Defendants. | ) | |

In accordance with the parties' stipulation, IT IS SO ORDERED.

DATED: August 23, 2011

_____
HON. LAUREL BEELER
United States Magistrate Judge

*Stipulation and ~~Proposed~~ Protective Order*
*Case No. CR-4-11-70885-MAG*            -4-